UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CITIZENS NATIONAL BANC CORP.                                                              PLAINTIFF

V.                                                            CIVIL ACTION NO. 4:07CV81 DPJ-JCS

DIRECTORY ASSISTANTS, INC.                                                              DEFENDANT

ORDER

Before the Court is Plaintiff's Motion to Remand.  Defendant has responded, and Plaintiff has forgone the opportunity to reply.  Based on the parties' submissions and the applicable law, the Court finds that Plaintiff's motion to remand should be granted.

This wrongful prosecution suit alleges that Defendant incorrectly named Plaintiff as a party to an arbitration proceeding; that Plaintiff was dismissed as an improper party; and that Plaintiff incurred certain expenses defending itself in the arbitration.  The Complaint seeks

> judgment against the Defendant for the [sic] all of the actual costs, expenses and damages incurred, which to date total $21,024.50, plus all costs incurred in this proceeding, with punitive damages assessed against the Defendant for its wrongful conduct in the amount of $25,000, with interest to accrue at the legal rate and for general relief.

Because the enumerated damages total $46,024.50, Plaintiff moves to remand, claiming that the amount in controversy is less than $75,000 "exclusive of interest and costs. . . ."  28 U.S.C. § 1332(a) (2000).  Defendant asserts that Plaintiff has not limited itself to damages less than $75,000 and that its responses to certain requests for admissions demonstrate that the amount in controversy requirement has been satisfied.

A defendant who removes a case to federal court bears the burden of proving the jurisdictional prerequisites.  *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).

1

"When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). "This burden may be fulfilled in one of two ways. First, jurisdiction will be proper if 'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].'" *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). "If the value of the claims is not apparent, then the defendants 'may support federal jurisdiction by setting forth the facts-[either] in the removal petition [or] by affidavit-that support a finding of the requisite amount.'" *Id.* (quoting *Allen*, 63 F.3d at 1335). "[I]n cases where an exact amount has been pled, if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount." *Allen*, 63 F.3d at 1335 n.14 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

Here, as Defendant points out, the *ad damnum* is not entirely specific. Plaintiff states that the enumerated damages have been incurred "to date," that it seeks "general relief," and that it seeks ongoing "costs incurred in this proceeding." While "costs" would not be considered for jurisdictional purposes under 28 U.S.C. § 1332, the other ambiguities in the *ad damnum* lead the Court to conclude that a specific amount has not been pled. Nevertheless, Defendant has failed to meet its burden of proving by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum. *De Aguilar*, 11 F.3d at 58.

First, it is not facially apparent that the amount in controversy exceeds $75,000 exclusive of interest and costs. To the contrary, the amount appears to be less than required.[1] Accordingly, Defendant bases removal on the following responses to its requests for admissions:

> REQUEST NO. 1: Admit that you are not seeking more than $75,000.00 in total combined damages, exclusive of interests and costs.
>
> ANSWER TO REQUEST NO. 1: Admitted, at this time.
>
> REQUEST NO. 2: Admit that you will never seek more than $75,000.00 in total combined damages, exclusive of interests and costs.
>
> ANSWER TO REQUEST NO. 2: Denied.
>
> REQUEST NO. 3: Admit that you will not ask the jury to award more than $75,000.00 in total combined damages, exclusive of interests and costs.
>
> ANSWER TO REQUEST NO. 3: Admitted, under the pending pleadings.

Defendant's use of discovery to establish the amount in controversy has been described by some as the "preferred approach." *See McLain v. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631–32 (S.D. Miss. 1998) (Barbour, J.). However, that approach was recommended before *Tedford v. Warner-Lambert Co.,* in which the Fifth Circuit Court of Appeals provided equitable tolling for the one-year limitations period found in 28 U.S.C. § 1446(b). 327 F.3d 423, 428-29 (5th Cir. 2003) ("Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in [28] U.S.C. § 1446(b) be extended.").

---

[1] Even under a liberal interpretation of the *ad damnum*, Defendant would only go so far as to claim that the Complaint "likely put[s] the quantum of damages at least close to the statutory minimum." Defendant's Memorandum of Law at 3.

Although discovery responses may still suffice to establish jurisdiction in some cases, Plaintiff's responses in this case fall short of satisfying Defendant's burden. This is not a case in which a plaintiff refuses to admit that the amount in controversy does not exceed the minimum jurisdictional amount. Rather, Plaintiff confirmed that the amount presently in controversy is below $75,000, and that it will not seek more than that amount under the current pleadings. In other words, Plaintiff bound itself to this amount absent an amendment to the Complaint. If Plaintiff later seeks leave to amend, this Court will entertain a removal under *Tedford*.[2]

For now, the Court finds that Defendant has failed to prove that the amount in controversy exceeds the jurisdictional amount. *See Nelson v. Rite Aid Corp.*, Civil Action No. 5:05cv173, 2006 WL 2474005, at *2-3 (S.D. Miss. Aug. 25, 2006); *Lee*, 360 F. Supp. 2d at 832-33; *Wilbanks v. N. Am. Coal Corp.,* 334 F. Supp. 2d 921, 923 (S.D. Miss. 2004) (remanding action and noting *Tedford* exception). As such, remand to state court is appropriate.

IT IS HEREBY ORDERED that Plaintiff's motion to remand is granted. This case is remanded to the County Court of Lauderdale County, Mississippi.

**SO ORDERED AND ADJUDGED** this the 4th day of December, 2007.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] As observed in *Lee v. State Farm Mutual Automobile Insurance Co.*,

> The Court is aware that under the procedural rules of Mississippi, the ad damnum clause of the Complaint may be amended even as late as at the close of evidence, before the case is presented to the jury. [However,] the Court presumes that the state trial judge would prohibit such an amendment as it would be allowing the Plaintiff to perpetrate a fraud on this Court.

360 F. Supp. 2d 825, 832 -33 (S.D. Miss. 2005).